## STATE v. RALPH JOHNSON.

(Filed 13 April, 1938.)

**1. Rape § 8: Criminal Law § 52b—**

Testimony of prosecutrix held sufficient to take the case to the jury on the charge of rape, although there were possible inferences from the testimony tending to contradict her, the weight and credibility of her testimony being in the exclusive province of the jury.

**2. Rape § 9—Indictment and evidence held to warrant submission of both carnal knowledge of prosecutrix, she being under 12 years of age, and with force against her will.**

Where the indictment charges that defendant did ravish and carnally know prosecutrix by force and against her will, she being a child under twelve years of age, it is not error for the court to present to the jury, as applicable to the evidence in the case, both the question of carnal knowledge of prosecutrix when she was under twelve years of age, and carnal knowledge of prosecutrix when she was over twelve years of age by force and against her will. C. S., 4204.

APPEAL by defendant from *Warlick, J.,* at January Term, 1938, of IREDELL. No error.

The defendant was charged with the capital felony of rape. The jury returned a verdict of guilty, and from judgment imposing sentence of death the defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*J. H. Burke and John R. McLaughlin for defendant.*

DEVIN, J. The appellant presents in his brief two questions for decision:

1. Was the evidence sufficient to warrant submission of the case to the jury?

2. Did the court err in its charge to the jury as to the two phases of the crime as charged in the bill of indictment?

1. The State's witness, upon whom the rape is alleged to have been committed, is Margaret Johnson, daughter of the defendant. She was born 12 August, 1925, and was twelve years of age at the time of the trial. She testified that the first time the defendant had intercourse with her was in April, 1937, when she was under twelve years of age; that she pushed him and told him to leave her alone; that he threatened to beat her if she told; that the defendant was 35 years of age. She further testified that other similar acts were committed by the defendant from time to time up to December, 1937, when she told her grandfather; that she told her aunt in the fall.

Though the defendant denied his guilt, and there were possible inferences from the testimony tending to contradict the State's witness, her evidence was sufficient to make out a case of rape and to carry the case to the jury. It was the exclusive province of the jury to determine the credibility of the witness and the weight to be given her testimony. There was no error in denying defendant's motion for judgment as of nonsuit.

2. The appellant assigns as error that the trial judge submitted the case to the jury as if there were two counts in the bill, one charging intercourse when the State's witness was under twelve years of age and the other when she was over twelve years of age, by force and against her will.

The bill of indictment charged that the defendant did ravish and carnally know the witness, Margaret Johnson, by force and against her will, she being a female child under twelve years of age. There was therefore no error in presenting to the jury the elements of the crime of rape defined in the statute (C. S., 4204) and charged in the bill of in-

dictment, as applicable to the evidence in the case. *S. v. Linney*, 212 N. C., 739; *S. v. Puckett*, 211 N. C., 66.

We have examined the other exceptions noted at the trial and not brought forward in the brief, and decide that none of them can be sustained.

In the trial we find