STATE v. TOM LINNEY (ALIAS BUFFALO) AND T. J. JEFFERSON.

(Filed 5 January, 1938.)

**1. Criminal Law §§ 56, 77b—Failure of record to show selection of grand jury held not ground for motion in arrest of judgment.**

The record showed the organization of the court, the names of the jurors summoned for the term, and the names of the foreman and seventeen other grand jurors drawn therefrom, that the grand jury was impaneled, sworn, and charged, and that it duly returned a true bill over the signature of the foreman, showing the endorsement of the names of the State's witnesses sworn and examined. *Held:* A motion in arrest of judgment for that the record failed to show the selection of the grand jury, is properly denied, there being no defect affirmatively appearing on the face of the record sufficient to support a motion in arrest of judgment.

**2. Indictment § 2—**

The procedure to present the contention that the grand jury was improperly drawn is by a motion to quash, upon proper averment and proof, before arraignment and plea, and not by a motion in arrest of judgment after verdict.

**3. Homicide § 27h—Instruction submitting both murder in perpetration of robbery and with premeditation and deliberation held not error.**

The indictment charged defendants did willfully, deliberately, and premeditatedly murder deceased while in the act of robbing deceased. The court instructed the jury on both phases of murder in the first degree as though the indictment contained separate counts. *Held:* The instruction under the indictment and evidence was not erroneous, nor may defendants complain, since under the charge of willful, deliberate, and premeditated murder the court instructed the jury that a verdict of murder in the second degree would be permissible, while under the other count the

verdict would be restricted to murder in the first degree or not guilty, and under the instructions the defendants had all phases of the case arising on the evidence presented to the jury.

**4. Homicide § 14: Indictment § 11: Criminal Law § 56—Informalities and refinements in indictment may be properly disregarded.**

This joint indictment of two defendants for murder charged that defendants "of his malice aforethought" committed the act. *Held:* The use of the word "his" instead of "their" is insufficient ground for arresting the judgment, informalities and refinements being disregarded if the indictment is sufficient to inform defendants of the charge against them and to enable them to prepare their defense, and to protect them from another prosecution. C. S., 4623.

**5. Homicide § 14—**

A charge that defendants committed murder "in the act of robbing" their victim, is equivalent to a charge of murder "in the perpetration or attempt to perpetrate a robbery."

APPEAL by defendants from *Hill, J.*, at June Term, 1937, of FORSYTH. No error.

The defendants were charged in the bill of indictment with the murder of one Herman W. Fogleman. The State's evidence tended to show that on the evening of 5 April, 1937, the deceased, an insurance collector, had parked his automobile on a street in a Negro section of the city of Winston-Salem, and had gone into a nearby house; that as deceased returned from the house to his automobile a man identified as defendant Linney stepped from an alley and struck him on the head with a pistol and fired two shots and deceased fell to the ground on his side; that thereupon another man identified as defendant Jefferson stepped out of the same alley and fired three shots into the deceased, lying on the ground, pushed him into a mud hole, pulled something from his side, and that then both defendants stepped back in the alley and ran. Deceased was dead when the officers arrived.

The defendants denied guilt and offered evidence tending to show that each of them was elsewhere at the time, and that they were not and could not have been the persons guilty of slaying the deceased.

The jury returned a verdict of guilty of murder in the first degree as to both defendants, and from judgment pronouncing sentence of death, defendants appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Phin Horton, S. E. Edwards, and T. Hardin Jewett, for defendants.*

DEVIN, J. The appellants contest the validity of the trial and judgment below on three grounds.

1. They assign as error the denial of their motion in arrest of judgment on the ground that the minute docket failed to show the selection of the grand jury in the manner prescribed by the statute.    However, the record before us shows the organization of the court, the names of the jurors summoned for the term, the names of the foreman and seventeen other grand jurors drawn therefrom, "then and there impaneled, sworn, and charged," as such, and that during the term the grand jury duly returned into open court a true bill of indictment against the defendants for murder, in the form set out *verbatim* in the record, the bill showing the endorsement of the names of the State's witnesses sworn and examined, and the statement over the signature of the foreman of the grand jury that it was a true bill.

If the grand jury were improperly drawn, of which there is no suggestion, advantage of that fact should have been taken by motion to quash, upon proper averment and proof, before arraignment and plea.

There was no such defect appearing affirmatively on the face of the record as would entitle the defendants to have the judgment arrested and their motion was properly denied.   *S. v. Bordeaux,* 93 N. C., 560; *S. v. Efird,* 186 N. C., 482, 119 S. E., 881; *S. v. Grace,* 196 N. C., 280, 145 S. E., 399; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281; *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299; *S. v. Puckett,* 211 N. C., 66.

2. The defendants contend that the court erred in treating the bill, and so charging the jury, in effect, as if it contained two counts, and that since the bill charged a murder committed in the perpetration or attempt to perpetrate a robbery, the allegations in the bill of willfulness, deliberation, and premeditation were improperly submitted to the jury.

The bill of indictment set out the crime charged in the following language:

"The jurors for the State upon their oath do present, that Tom Linney, *alias* Buffalo, and T. J. Jefferson, late of Forsyth County, on 5 April, A.D. 1937, with force and arms, at and in the aforesaid county, did unlawfully, willfully, feloniously, deliberately, premeditatedly, and of his malice aforethought, did kill and murder Herman W. Fogleman, while in the act of robbing the said Herman W. Fogleman, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

The statute (C. S., 4200) dividing the crime of murder into two degrees defines murder in the first degree, among other things, as one "perpetrated   .   .   .   by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any   .   .   .   robbery."

The submission by the trial court, under a correct charge, of both these phases of murder in the first degree may not be held for error.   *S. v.*

*Hunt,* 128 N. C., 584, 38 S. E., 473; *S. v. Gilchrist,* 113 N. C., 673, 18 S. E., 319; *S. v. Puckett,* 211 N. C., 66. The defendants cannot complain of the court's action, since under the charge of a willful, deliberate, and premeditated murder, a verdict of second degree murder would have been permissible, and the jury was so instructed in this case, while under a bill confining the charge to murder committed in the perpetration of a robbery, the verdict properly would be restricted to murder in the first degree or not guilty. *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352.

The manner in which the court framed his instructions to the jury in defining the elements of first degree murder, as charged in the bill of indictment, was in all respects fair to the defendants and presented the case clearly to the jury.

3. The defendants contend that there was error in the charge occasioned by the use, in the joint bill of indictment, of the word "his," in reference to malice, instead of "their"; and that the bill charged murder "in the act of robbing," instead of charging that it was committed in the perpetration or attempt to perpetrate a robbery.

In *S. v. Carter,* 1 N. C., 406, where an indictment for murder contained the word "brest," instead of "breast," in describing the location of the wound, it was held by a majority of the Court of Conference that the omission of the letter "a" was sufficient ground for arresting the judgment. But a contrary view was expressed in *S. v. Molier,* 12 N. C., 263, and ever since the Act of 1811, now C. S., 4623, informalities and refinements in the language of the bill may be properly disregarded, if the criminal offense be sufficiently described to inform the defendant of the charge against him, and to enable him to make his defense, and protect him from another prosecution for the same criminal act. *S. v. Moses,* 13 N. C., 452; *S. v. Williams,* 210 N. C., 159, 185 S. E., 661; *S. v. Puckett,* 211 N. C., 66; *S. v. Anderson,* 208 N. C., 771.

That the murder was charged to have been committed while in the act of robbing the deceased was equivalent to alleging that it was committed in the perpetration of the robbery. The primary meaning of the word "perpetrate" is "to do, or perform."

There was no evidence of manslaughter, and the only issue in the trial was the identity of the defendants as the perpetrators of the crime charged. Under a fair and correct charge the jury has found that the defendants were the two who robbed and murdered the deceased.

In the trial we find

No error.