STATE v. A. E. PERRY.

(Filed 7 May, 1958.)

**1. Constitutional Law § 29:   Grand Jury § 1—**

The systematic exclusion of persons of defendant's race from the grand jury returning the indictment against defendant is a denial of defendant's right to the equal protection of the laws required by the Fourteenth Amendment to the United States Constitution and also "the law of the land" clause of the State Constitution, Art. I, Sec. 17.

**2. Constitutional Law § 24—**

Due process of law is secured against state action by the Fourteenth Amendment to the United States Constitution.

**3. Indictment and Warrant § 12—**

An objection to an indictment based on defects and irregularities in the drawing or organization of the grand jury must be taken by motion to quash the indictment made before the jury is sworn and impaneled to try the issue, and if not so taken, is deemed waived.   G.S. 9-26.

**4. Same:   Constitutional Law §29:   Grand Jury §1—**

The burden of proof is upon the defendant to establish the racial discrimination alleged in his motion to quash the indictment.

**5. Same—**

Upon motion to quash the indictment on the ground of racial discrimination in selecting the grand jury, the defendant must be given reasonable time and opportunity to investigate the matter of racial discrimination, since due process of law requires that he be given his day in court, the next morning the defendants took the woman to the house of a friend, the facts in each particular case.

**6. Same—   Upon facts of this case defendant was deprived of opportunity to procure evidence in support of alleged racial discrimination in selection of grand jury.**

Defendant was represented by counsel from another county, and on the day the indictment was returned counsel moved, before pleading, to quash the indictment on the ground that members of defendant's race had been systematically excluded from the grand jury and prayed for inquiry in the matter. Two days later, upon the call of the case, defendant renewed his motion, upon affidavit of one of the attorneys upon information and belief that members of defendant's race had been excluded from the jury panel, and requested time and opportunity to investigate the matter. The trial court found as a fact that no evidence had been offered in support of the motion to quash except the affidavit of counsel, and denied the motion, and the trial proceeded. *Held:* Upon the facts in this case, defendant was denied a reasonable opportunity and time to investigate and produce evidence, if any existed, in respect to racial discrimination, and the judgment and verdict are reversed and the cause remanded.

**7. Indictment and Warrant § 14—**

If the court, upon supporting evidence and proper finding, should quash the indictment on the ground of racial discrimination in the grand jury panel, defendant would not be entitled to his discharge, but should be held until an indictment against him can be found by a properly constituted grand jury.

APPEAL by defendant from *Clarkson, J.,* October 1957, Mixed Term, of UNION.

Criminal prosecution on a bill of indictment charging the defendant A. E. Perry on 4 October 1957 in Union County with using drugs and instruments with intent thereby to procure the miscarriage of Lillie Mae Rape, a pregnant woman.

Prior to pleading to the bill of indictment, the defendant moved to quash it, for reasons which will be set forth in the opinion. The trial court denied the motion to quash. Whereupon, the defendant pleaded Not Guilty. The jury returned a verdict of Guilty.

From a judgment of imprisonment the defendent appeals.

*George B. Patton, Attorney General, T. W. Bruton, Assistant Attorney General, and Ralph Moody, Assistant Attorney General for the State.*

*Taylor & Mitchell for defendant, appellant.*

PARKER, J.   The defendant is a negro doctor. The bill of indictment, which charges that the offense was committed in Union County on 4 October 1957, was found on 28 October 1957 by the grand jury of Union County at the October 1957, Mixed Term, Union County Superior Court, which convened on the day the indictment was found.

The defendant on 28 October 1957, in due season, before pleading

to the bill of indictment, (*S. v. Linney*, 212 N.C. 739, 194 S.E. 470; *S. v. Speller*, 229 N.C. 67, 47 S.E. 2d 537), filed a written motion to quash the bill of indictment, for the reason that negroes because of their race have been systematically excluded from serving upon grand juries of Union County for a long period of time, and that negroes because of their race were excluded from serving upon the grand jury of Union County at the term of court when the bill of indictment was found, and that such systematic exclusion of members of the defendant's race from the grand juries of Union County, and particularly from the grand jury that found the bill of indictment against him, is a violation of his rights guaranteed to him by the due process and equal protection clauses of the Federal Constitution, and by Art. I, Sec. 17, of the State Constitution. The motion to quash prayed that an inquiry be had in order that the defendant's rights may be adequately protected and that the court cause process to be issued as necessary to permit the defendant to investigate the alleged violation of his constitutional rights.

On 28 October 1957, the day the bill of indictment was found, the trial court ordered a special venire of 50 persons from Anson County to appear in court on 30 October 1957, from which a trial jury was to be selected in the case.

On 30 October 1957 the State announced it was ready to proceed with the trial. Whereupon, counsel for the defendant stated to the court, that before entering a plea to the indictment, they renewed the motion made on 28 October 1957 to quash the indictment for the reasons set forth in the motion, and requested that they be given time and opportunity to inquire into the alleged systematic exclusion of negroes from grand jury service in Union County. In support of the motion to quash, counsel for the defendant presented to the court an affidavit made by Samuel S. Mitchell, a negro lawyer of counsel for the defendant. This is a summary of the material parts of the affidavit: The defendant is a negro. He has made inquiry, and is informed, and believes upon such information, that the grand jury which indicted the defendant was unlawfully constituted for that negroes solely because of their race have been systematically excluded from serving on grand juries of Union County for many years. All of counsel for the defendant are nonresidents of Union County, and need opportunity to inquire into the matter of such exclusion, and to gather evidence to present to the court on the matter. Counsel for the defendant then stated to the court that in order to substantiate their motion to quash it was necessary for the defendant to adduce evidence of such systematic exclusion of negroes from grand jury service in Union County, and they requested they be given an opportunity to present such evidence. The trial court inquired: "Is that all?" Counsel for defendant replied:

"That's all, yes, your Honor." The trial court then found as a fact that no evidence had been offered on the motion to quash, except the affidavit of Samuel S. Mitchell, and denied the motion to quash. To such denial the defendant excepted. The court then asked the defendant how did he plead to the indictment. Counsel for defendant replied Not Guilty. The trial then proceeded. A jury was selected, sworn and empaneled from the special venire of Anson County. The trial jury found the defendant guilty, and from a sentence of imprisonment he appeals to this Court.

For over 50 years the United States Supreme Court has adhered to the view that valid grand jury selection is a constitutionally protected right. *Reece v. Georgia,* 350 U.S. 85, 100 L. Ed. 77.

The indictment of a negro defendant by a grand jury in a state court from which members of his race have been systematically excluded solely because of their race is a denial of his right to the equal protection of the laws required by the Fourteenth Amendment to the United States Constitution. *Reece v. Georgia, supra; Shepherd v. Florida,* 341 U.S. 50, 95 L. Ed. 740; *Cassell v. Texas,* 339 U.S. 282, 94 L. Ed. 839: *Patton v. Mississippi,* 332 U.S. 463, 92 L. Ed. 76, 1 A.L.R. 2d 1286; *Norris v. Alabama,* 294 U.S. 587, 79 L. Ed. 1074; *Rogers v. Alabama,* 192 U.S. 226, 48 L. Ed. 417; *Carter v. Texas,* 177 U.S. 442, 44 L. Ed. 839; *Strauder v. West Virginia,* 100 U.S. 303, 25 L. Ed. 664. See *Hernandez v. Texas,* 347 U.S. 475, 98 L. Ed. 866—persons of Mexican descent.

A like conclusion is reached in North Carolina by virtue of our decisions on "the law of the land" clause embodied in the Declaration of Rights, Art. I, Sec. 17, of the North Carolina Constitution. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513; *S. v. Speller, supra; S. v. Peoples,* 131 N.C. 784, 42 S.E. 814.

This Court held in *S. v. Peoples, supra,* which was decided in 1902, that the exclusion of all negroes from a grand jury solely by reason of their race, which finds an indictment against a negro, denies him the equal protection of the laws in violation of his constitutional rights, and that a motion to quash the indictment would properly lie in such a case.

Art. I, Sec. 17, of the North Carolina Constitution states, "no person ought to be . . . in any manner deprived of his . . . liberty . . . , but by the law of the land." "The law of the land and due process of law are interchangeable terms." *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717.

"The words of Webster, so often quoted, that by 'the law of the land' is intended 'a law which hears before it condemns,' have been repeated in varying forms of expression in a multitude of decisions." *Powell v. Alabama,* 287 U.S. 45, 77 L. Ed. 158, 84 A.L.R. 527.

Due process of law is secured against state action by the words of the Fourteenth Amendment to the United States Constitution. *Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595.

The Court said in *Holden v. Hardy,* 169 U.S. 366, 389, 42 L. Ed. 780, 790: "This court has never attempted to define with precision the words 'due process of law,' nor is it necessary to do so in this case. It is sufficient to say that there are certain immutable principles of justice which inhere in the very idea of free government which no member of the Union may disregard, as that no man shall be condemned in his person or property without due notice and an opportunity of being heard in his defense."

An objection to an indictment based on defects and irregularities in the drawing or organization of the grand jury must be taken "before the jury is sworn and impaneled to try the issue, by motion to quash the indictment, and if not so taken, the same shall be deemed to be waived." G.S. 9-26; *S. v. Gales,* 240 N.C. 319, 82 S.E. 2d 80; *Miller v. State, supra.*

The question presented for decision by defendant's assignment of error to the denial by the court of his motion to quash the indictment is whether or not the court denied the defendant and his counsel a reasonable opportunity and time to investigate, prepare and present to the court evidence, if such existed, in support of the allegations of the motion to quash the indictment.

The burden of proof is upon the defendant here to establish the racial discrimination alleged in his motion to quash the indictment. *Akins v. Texas,* 325 U.S. 398, 89 L. Ed. 1692; *Fay v. New York,* 332 U.S. 261, 91 L. Ed. 2043; *Miller v. State, supra.*

On 13 October 1957 the defendant was arrested on a warrant charging him with the same offense for which he was indicted by the grand jury. At a preliminary hearing on the warrant 18 October 1957 he was bound over to the Superior Court, which convened on 28 October 1957 for a two weeks term for the trial of criminal and civil cases. G.S. 7-70.

Lillie Mae Rape is a white woman. The defendant is a negro doctor. On 28 October 1957 the defendant filed a written motion for removal of his case from Union County for a fair trial. G.S. 1-84. On the same day the judge, acting under the authority vested in him by G.S. 1-86, instead of removing the case to another county ordered a special venire of 50 jurors from Anson County to appear in court on 30 October 1957 from which the trial jury was to be selected. On 29 October 1957 defendant's counsel filed a written motion requesting a continuance of the trial to a later term to enable them adequately to investigate and prepare the defendant's defense. On 30 October 1957 the special venire was in court, the court denied the motion for a continuance, and the

motion to quash the indictment, and the trial began.

All of defendant's counsel are nonresidents of Union County. The State did not controvert the allegations of racial discrimination contained in the motion to quash and in the affidavit of Samuel S. Mitchell. We recognize that the allegations of racial discrimination in the motion to quash the indictment and in Mitchell's affidavit are in general terms, and state no specific facts. However, if defendant and his counsel were denied by the court a reasonable opportunity and time to investigate the matter of racial discrimination, it would seem that they would not be able to state in the motion to quash and in Mitchell's affidavit specific facts of racial discrimination, nor offer evidence to that effect, if such facts existed. The trial judge made no findings of fact as to the alleged racial discrimination in the composition of the grand jury.

Allegations in a motion to quash an indictment, because of racial discrimination practices in selecting a grand jury panel, challenge an essential element of proper judicial procedure — the requirement of fairness on the part of courts in trying persons accused of crime. However, "it cannot lightly be concluded that officers of the courts disregard this accepted standard of justice." *Akins v. Texas, supra.*

Whether a defendant has been given by the court a reasonable time and opportunity to investigate and produce evidence, if he can, of racial discrimination in the drawing and selection of a grand jury panel must be determined from the facts in each particular case. After a careful examination of all the facts in the instant case, it is our opinion that the trial court denied the defendant a reasonable opportunity and time to investigate and produce evidence, if such exists, in respect to the allegations of racial discrimination as to the grand jury set forth in the motion to quash and in the supporting affidavit of Samuel S. Mitchell. Whether the defendant can establish the alleged racial discrimination or not, due process of law demands that he have his day in court on this matter, and such day he does not have, unless he has a reasonable opportunity and time to investigate and produce his evidence, if he has any.

The judgment and verdict below are reversed, and the case is remanded for further proceedings. In the Superior Court the defendant will have the opportunity to present the evidence, if any, that he may have as to the alleged racial discrimination in the grand jury panel. If the trial court at such hearing then finds there was no racial discrimination, the trial will proceed on the present indictment. If the trial judge then finds there was racial discrimination in the grand jury panel, and quashes the indictment, the defendant is not to be discharged. He will be held until an indictment against him can be found by an unexceptionable grand jury. *S. v. Speller, supra.*

Reversed.