STATE v. JAY VANN COVINGTON.

(Filed 11 January 1963.)

**1. Indictment and Warrant § 14—**

> Where defendant, before plea, moves to quash the indictments on the ground that members of his race were excluded from the grand jury solely because of race, the motion is made in apt time and must be determined in accordance with due process of law. G.S. 9-26.

**2. Grand Jury § 1; Constitutional Law § 29—**

An indictment returned by a grand jury from which members of defendant's race are intentionally excluded solely because of race is a denial of defendant's right to the equal protection of the law, under both the Federal and State Constitutions. Fourteenth Amendment to the Constitution of the United States; Article I, § 17 of the Constitution of North Carolina.

**3. Constitutional Law § 30—**

Due process of law is secured against State action by the Fourteenth Amendment to the United States Constitution.

**4. Grand Jury § 1; Constitutional Law § 29—**

The burden of proof is upon defendant to establish his assertion of racial discrimination in the selection of the grand jury.

**5. Same; Constitutional Law § 31—**

Where defendant aptly moves to quash the indictments on the ground that members of his race were intentionally excluded from the grand jury, and moves that process issue to require certain named officials to appear and testify with respect to selection of the grand jury and to bring with them pertinent books and records, the act of the court in finding the facts and denying the motions amounts to a denial of defendant's constitutional right to an opportunity to procure evidence, if he can, in support of his motion to quash.

**6. Same—**

On defendant's motion to quash the indictments for the intentional exclusion of members of his race from the grand jury which returned the indictments, the court's finding that a Negro served on the grand jury which returned the indictments is not conclusive, the question being whether any person was intentionally excluded from the grand jury because of race.

**7. Indictment and Warrant § 16—**

The quashal of indictments on the ground that defendant was denied his right to an opportunity to procure evidence of racial discrimination in the selection of the grand jury does not entitle defendant to his discharge, but defendant should be held until indictments against him can be found by an unexceptionable grand jury.

APPEAL by defendant from *Gambill, J.,* May Criminal Term 1962 of UNION.

Criminal prosecution upon two indictments. The first indictment charges J. D. Blount, Curtis Osborne, and defendant with an unlawful and felonious conspiracy to feloniously break and enter a building with intent to commit larceny of the personal property kept therein. The second indictment charges defendant alone with a felonious breaking and entry, larceny, and receiving stolen property knowing it to have been stolen.

When these two cases were called for trial the solicitor for the State moved that they be consolidated for trial, which motion the court granted. Prior to pleading to the two indictments defendant, who is a Negro, moved in writing to quash both indictments on the ground that the grand jury, which returned both indictments, in violation of his rights under Article I, section 17, of the North Carolina Constitution, and under the due process and equal protection clauses of section 1 of the 14th Amendment to the United States Constitution, was illegally impanelled and composed, because Negroes solely by reason of their race were intentionally excluded from service upon the said grand jury. Defendant in his written motion further moved that the court grant defendant's counsel, who do not live in Union County, reasonable time and opportunity to inquire into the facts relative to the alleged intentional exclusion of Negroes by reason of their race from the grand juries of Union County, and from the grand jury which returned the indictments here, that the court issue process to require certain named officials of Union County to appear before it and testify in respect to the selection of grand juries for Union County and to bring with them all books, documents, and records pertinent to the inquiry, and that the court set a date to have a hearing on his motion. Defendant's motion was supported by an affidavit of one of his counsel, whose allegations are based upon information and belief.

The court denied defendant's motion to quash the two indictments, denied his motion to set a hearing on the motion to quash the two indictments, and denied his motion to cause process to issue, to which three rulings defendant excepted. After the denial of these motions the record shows the following:

"The court finds that there has been no evidence offered as a basis to quash the Bills of Indictment in this case. The court further finds that the defendant was charged in a warrant drawn on March 9, 1962, which was served on the 9th of March, 1962 charging the violation which is included in the Bill of Indictment (sic) under which the defendant now stands indicted. The court further finds that at the February, 1962 term of Superior Court for Union County that a Grand Jury was drawn from a panel of fifty-four persons, and the Grand Jury was drawn by a child, Gene Lathan, five years of age, son of Kenneth Lathan, and that the following persons were drawn as the Grand Jury: [Then follows the names of the 18 members of the Grand Jury.]

"Among the Grand Jury one person was a colored person. The court further finds as a fact that from the panel of fifty-four persons drawn for the February, 1962 Term of Superior Court,

two of those persons were colored persons. The court further finding as a fact that at the May, 1962 Term of Superior Court for Union County the trial panel drawn from which jurors were drawn for the trial of this cause, four of those number were colored; one of those persons was excused by statute as being a minister, another person was excused by the court under a doctor's certificate that he was physically unable to serve as a juror. The court further finds as a fact there are two colored people now on the jury from which the jurors to be drawn for the trial of this defendant.

"COURT: Now, do you want to challenge that?

"MR. WITT: We do challenge those findings. Our position is that they are insufficient as a matter of law to sustain the overruling of our motion. We except to the denial for the hearing and of these witnesses.

"COURT: Well, I am going to let the case go to the jury on those findings.

"EXCEPTION NO. 4."

Defendant, after a denial of his motions, entered a plea of Not Guilty as to both indictments. The jury returned for its verdict that defendant was Guilty of conspiring to commit a felony, as charged in the indictment, and Guilty of a felonious breaking and entry and larceny, as charged in the other indictment. The record states, "The charge of receiving was dropped by the State."

From a judgment that defendant be imprisoned in the State's prison for a term of not less than seven years nor more than ten years, he appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Harry W. McGalliard for the State.*

*Samuel S. Mitchell and Scupi & Witt for defendant appellant.*

PARKER, J. Defendant assigns as errors the denial of his motion to quash the indictments on the alleged ground that Negroes by reason of their race were intentionally excluded from service on the grand jury which returned the indictments against him here, the denial of his motion to set a time to hear his motion to quash the indictments, after his counsel had had a reasonable time to investigate the facts relative to the alleged intentional exclusion of Negroes by reason of their race from the grand jury which returned the indictments here, and to the denial of his motion to cause process to issue requiring certain named

officials of Union County to appear and give evidence relative to the drawing of the jury panel and the drawing of the grand jury which returned the indictments here from the jury panel. Defendant further assigns as error the court's making findings without holding a hearing or giving him adequate opportunity to present evidence.

Defendant's motion to quash the indictments was made in apt time, before pleading to the indictments. G.S. 9-26; *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513; *S. v. Gardner,* 104 N.C. 739, 10 S.E. 146.

The Supreme Court of the United States in an unbroken line of cases stretching back for eighty years has held that the indictment of a Negro defendant by a grand jury in a state court from which members of his race have been intentionally excluded solely because of their race is a denial of his rights to the equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution. *S. v. Perry,* 250 N.C. 119, 108 S.E. 2d 447; *Miller v. State, supra; Eubanks v. Louisiana,* 356 U.S. 584, 2 L. Ed. 2d 991; *Reece v. Georgia,* 350 U.S. 85, 100 L. Ed. 77.

A like conclusion is reached in North Carolina by virtue of our decisions on "the law of the land" clause embodied in the Declaration of Rights, Article I, section 17, of the North Carolina Constitution, and we have consistently so held since 1902. *S. v. Peoples,* 131 N.C. 784, 42 S.E. 814; *S. v. Speller,* 229 N.C. 67, 47 S.E. 2d 537; *Miller v. State, supra; S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *S. v. Perry,* 250 N.C. 119, 108 S.E. 2d 447.

Due process of law is secured against state action by the words of the 14th Amendment to the United States Constitution. *Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595.

The court said in *Holden v. Hardy,* 169 U.S. 366, 389, 42 L. Ed. 780, 790: "This Court has never attempted to define with precision the words 'due process of law,' nor is it necessary to do so in this case. It is sufficient to say that there are certain immutable principles of justice which inhere in the very idea of free government which no member of the Union may disregard, as that no man shall be condemned in his person or property without due notice and an opportunity of being heard in his defense."

The burden of proof is upon the defendant to establish the racial discrimination alleged in his motion to quash the indictments. *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *Miller v. State, supra; Akins v. Texas,* 325 U.S. 398, 89 L. Ed 1692; *Fay v. New York,* 332 U.S. 261, 91 L. Ed. 2043.

The court in its findings states "there has been no evidence offered as a basis to quash the Bills of Indictment in this case." When the

court denied defendant's motion to require process to issue for certain named officials of Union County to appear and give evidence relative to the preparation of the jury list of Union County, and the drawing of a jury panel and grand jury for the February Term 1962, and denied his motion for a reasonable time to inquire into alleged facts in respect to the intentional exclusion of Negroes by reason of their race from the grand jury which returned the indictments here, it would seem that defendant was denied a reasonable opportunity to produce evidence, if any such evidence exists as he contends. It is true the court made findings relative to a Negro serving on the grand jury which returned the indictments here, and to two Negroes serving on the jury panel from which this grand jury was drawn, and to Negroes drawn on the jury panel for the May Term 1962, but even so, due process of law requires that "no man shall be condemned in his person or property without due notice and an opportunity of being heard in his defense," and that opportunity has been denied defendant here. Whether he can establish his contention or not, he must have his day in court on his motion to quash the indictments.

What we said in *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404, in a similar situation from Union County, is controlling here:

> "Whether a defendant has been given by the court a reasonable time and opportunity to investigate and produce evidence, if he can, of racial discrimination in the drawing and selection of a grand jury panel must be determined from the facts in each particular case. After a careful examination of all the facts in the instant case, it is our opinion that the trial court denied the defendant a reasonable opportunity and time to investigate and produce evidence, if such exists, in respect to the allegations of racial discrimination as to the grand jury set forth in the motion to quash and in the supporting affidavit of Samuel S. Mitchell. Whether the defendant can establish the alleged racial discrimination or not, due process of law demands that he have his day in court on this matter, and such day he does not have, unless he has a reasonable opportunity and time to investigate and produce his evidence, if he has any."

The judgment and verdict below are reversed, and the case is remanded for further proceedings. In the superior court the defendant must be granted the right to have process to issue for such witnesses and documents as he desires, and to present evidence that he may have, if any, as to the alleged racial discrimination in the grand jury panel which found the indictments against him. If a trial court at such hearing then finds there was no racial discrimination, the court will proceed

to trial on the present indictments. If the trial judge then finds there was racial discrimination in the grand jury panel, and quashes the indictments, the defendant is not to be discharged. He will be held until indictments against him can be found by an unexceptionable grand jury. *S. v. Perry*, 248 N.C. 334, 103 S.E. 2d 404, *S. v. Speller, supra; Hill v. Texas*, 316 U.S. 400, 86 L. Ed. 1559; *Eubanks v. Louisiana, supra*.

Reversed.