STATE OF NORTH CAROLINA v. ALLEN SPENCER (68CR27), ALVIN SPENCER (68CR28), HENRY JOHNSON, JR. (68CR29), PRESTON SIMMONS (68CR128), BENJAMIN PHELPS (68CR130), SAMUEL BRYANT (68CR131)

No. 692SC535

(Filed 25 February 1970)

**1. Highways and Cartways § 10— impeding traffic — criminal offense**

It is unlawful for any person to wilfully stand, sit, or lie upon a highway or street in such a manner as to impede the regular flow of traffic. G.S. 20-174.1.

**2. Highways and Cartways § 10— impeding traffic — what constitutes "standing on highway" — instructions**

Conduct of defendants in walking slowly back and forth across a public highway in such a manner as to cause traffic to be blocked in both directions for approximately five minutes, *held* within the purview of the statute making it unlawful for any person to wilfully stand upon a highway and impede the regular flow of traffic; and the trial court correctly charged that "if the defendants were on the highway and standing, whether they were standing still or walking is of no consequence," since standing is an integral and necessary part of the act of walking.

**3. Statutes § 10— criminal statutes — strict construction**

Statutes creating criminal offenses must be strictly construed against the State and liberally construed in favor of a defendant with all conflicts resolved in favor of the defendant.

**4. Statutes § 10— criminal statutes — construction**

Criminal statutes must be construed with regard to the wrongful conduct which they are intended to suppress.

**5. Statutes § 10— criminal statutes — strained construction**

Interpretations of criminal statutes should not be made which lead to strained constructions or ridiculous results.

**6. Criminal Law § 138— punishment — presumption of trial court's fairness**

As long as the punishment rendered is within the maximum provided

by law, an appellate court must assume that the trial judge acted fairly, reasonably, and impartially in the performance of his office.

**7. Criminal Law § 138— punishment — appeal from district to superior court — increased sentence**

In cases where defendant receives a trial *de novo* in the superior court upon his appeal from a conviction in the district court, imposition of a severer sentence by the superior court judge than that imposed by the district court judge does not violate defendant's constitutional rights.

**8. Highways and Cartways § 10— impeding traffic — amount of punishment**

The offense of wilfully standing, etc., upon a highway or street in such a manner as to impede the regular flow of traffic is a misdemeanor and is punishable by fine, imprisonment up to two years, or both; the sentencing of one defendant to a nine month jail term, and the sentencing of another defendant to a six month jail term, *held* lawful. G.S. 20-174.1(b), G.S. 20-176(a).

**9. Criminal Law § 138; Constitutional Law § 36— unfixed amount of punishment — two years' maximum**

When no maximum time is fixed by statute, an imprisonment for two years will not be held cruel or unusual punishment.

**10. Criminal Law § 138— motor vehicle offense — punishment — which statute controls**

G.S. 20-176(b), which authorized punishment for violating any of the various sections of Article 3, G.S. Ch. 20, where no form of punishment is set forth, does not apply to those sections in which the punishment is specified as fine or imprisonment or both in the discretion of the court with no maximum limitation being specified.

**11. Jury § 7— challenge to the array — racial discrimination — opportunity to offer evidence**

The record in an obstructing traffic prosecution fails to support defendants' contention that the trial court denied their motion to be allowed to make a showing of racial discrimination in the composition of the jury venire, which in fact consisted of 54 white persons and 20 Negroes; on the contrary, the record affirmatively shows that defendants were given an opportunity to offer evidence in support of their motion.

**12. Constitutional Law § 29— right to jury free from racial discrimination**

A defendant has a right to be tried by a jury from which members of his race have not been arbitrarily and systematically excluded.

**13. Jury § 7— challenge to the array — racial discrimination — opportunity to offer evidence**

A defendant must be given a reasonable opportunity and time to investigate and produce evidence, if such exists, to support his allegations of racial discrimination in the selection of the jury venire; whether a defendant has had a reasonable opportunity and time for such purpose must be determined from the facts in each particular case.

APPEAL by defendants from *Fountain, J.,* 23 May 1969 Session of HYDE County Superior Court.

Defendants were tried and convicted on charges of impeding the normal flow of traffic by standing upon a public highway in violation of G.S. 20-174.1. They appeal from judgments imposing active jail sentences.

*Robert Morgan, Attorney General, by Burley B. Mitchell, Jr., Staff Attorney, for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Ferguson, II, for defendant appellants.*

GRAHAM, J.

**[1]**    G.S. 20-174.1 makes it unlawful for any person to wilfully stand, sit, or lie upon a highway or street in such a manner as to impede the regular flow of traffic.

**[2]**    It is undisputed that the defendants impeded the flow of traffic along a public highway in the community of Swan Quarter on 11 November 1968 by walking slowly back and forth across the highway in such a manner as to cause traffic to be blocked in both directions for approximately five minutes. They insist, however, that this conduct did not violate G.S. 20-174.1 because that statute does not specifically prohibit "walking" as contrasted with standing, sitting or lying upon a highway. They also challenge the following instructions given by the trial court to the jury:

> "If the defendants were on the highway and standing, whether they were standing still or walking is of no consequence. If they walked, standing and walked on the highway and did so wilfully in such a manner as to impede the regular flow of traffic, that would constitute a violation of this statute even though they were not standing still. . . . So the question is whether the defendants, or either of them, stood by walking on Highway 264 in such a manner as to impede the regular flow of traffic, that is, to cause it to stop or to detour or to restrain the normal flow of traffic, or the regular flow of traffic, and, if so, did they do it wilfully."

The question raised is whether the term "stand" as used in the statute is subject to the interpretation placed thereon by the trial court. If not, the cases should have been nonsuited because there was no testimony that defendants impeded the flow of traffic by standing still.

[3-5]    Statutes creating criminal offenses must be strictly construed against the State and liberally construed in favor of a defendant with all conflicts resolved in favor of the defendant. *State v. Pinyatello*, 272 N.C. 312, 158 S.E. 2d 596; *State v. Scoggin*, 236 N.C. 1, 72 S.E. 2d 97; *State v. Whitehurst*, 212 N.C. 300, 193 S.E. 657. They must also be construed with regard to the wrongful conduct which they are intended to suppress. *State v. Brown*, 221 N.C. 301, 20 S.E. 2d 286; *State v. Hatcher*, 210 N.C. 55, 185 S.E. 435. Interpretations of statutes should not be made which lead to strained constructions or ridiculous results. *State v. Pinyatello, supra*.

[2]    The purpose of G.S. 20-174.1 is obviously to make it unlawful for a person to wilfully place his body upon a street or highway in such a manner as to purposely impede the regular flow of traffic. To say that one can escape the force of the statute and accomplish the very end it was enacted to prevent by walking rather than remaining motionless requires, in our opinion, a strained interpretation of the statutory language. The old adage "one must stand before he can walk" finds support in *Webster's Third New International Dictionary* (1968) which gives as the first definition of "stand" the following: "to support oneself on the feet in an essentially erect position." Standing is an integral and necessary part of the act of walking and we hold that the trial court correctly applied the statute to the facts of these cases.

[6, 7]    Defendants assign as error the jail sentences they received, contending that it was a violation of their constitutional rights for the Superior Court to impose sentences in excess of those given them upon their original trial and conviction in District Court. The Superior Court sentenced defendant Henry Johnson, Jr., to a nine month active jail term and the other defendants to active terms of six months. They had received sentences in District Court of sixty days in the county jail, suspended upon the payment of fines ranging from fifty to seventy-five dollars and upon condition that they remain on probation for eighteen months. The disparity in the sentences imposed by two separate judges, both of whom are widely noted for their fairness and integrity, may indeed be noticeable. However, it is not for us to say that the first was too lenient or that the latter was too severe, for so long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office. *State v. Stafford*, 274 N.C. 519, 164 S.E. 2d 371.

Defendants cite the case of *North Carolina v. Pearce*, 395 U.S.

711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, in support of their position. The holding of that case is that a defendant who is awarded a new trial on an appeal may not be given a lengthier sentence upon re-trial unless reasons and factual data arising from events occurring subsequent to the first trial appear affirmatively in the record in sup-port of the more severe sentence. The question here presented is whether the prohibition of *Pearce* applies where a defendant is con-victed in a lower court having criminal jurisdiction over misde-meanors only and upon appeal receives a trial *de novo* in a court of general jurisdiction such as our superior court. This court has held that it does not. *State v. Sparrow,* 7 N.C. App. 107, 171 S.E. 2d 321. At least two other courts, including the United States Court of Ap-peals for the 1st Circuit, have reached the same conclusion. *Lemieux v. Robbins,* 414 F. 2d 353; *People v. Olary,* 382 Mich. 559, 170 N.W. 2d 842. We follow these cases and overrule defendants' assignment of error attacking the constitutionality of the sentences imposed.

[8, 9]　Defendants further contend that their sentences exceeded the statutory maximum for the offenses charged. At the time of these convictions, G.S. 20-174.1(b) provided: "Any person convicted of violating this section shall be punished by fine or imprisonment, or both in the discretion of the court." G.S. 20-176(a) provides that the violation of any provision of Article 3, Chapter 20 of the Gen-eral Statutes shall constitute a misdemeanor unless declared to be a felony by the Article or by any law of the State. Thus, as one of the provisions of Article 3, Chapter 20, the offense set forth in G.S. 20-174.1 is a misdemeanor and it is punishable by fine, imprison-ment, or both, in the discretion of the court, and as in the cases of misdemeanors where no maximum period of imprisonment is fixed. "[I]t is well settled law in this jurisdiction that when no maximum time is fixed by the statute an imprisonment for two years will not be held cruel or unusual punishment, . . ." *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245; *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372.

[10]　Defendants argue, however, that G.S. 20-176(b) limits the punishment that may be imposed because of its provision that: "Un-less another penalty is in this article or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this article shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment in the county or municipal jail for not more than sixty days, or by both fine and imprisonment: . . ." This section authorizes punishment for violating any of the various sections of the Article where no form of punishment is set forth, including, for instance, those sec-

tions making it unlawful to operate a motor vehicle with defective mufflers, mirrors, directional signals, and numerous other provisions relating to motor vehicles and their use. It does not apply to the various sections, including G.S. 20-174.1, where the punishment is specified as fine or imprisonment or both in the discretion of the court with no maximum limitation being specified. *State v. Morris, supra.* It is noted that G.S. 20-174.1(b) was amended by the 1969 Session of the General Assembly and it now provides for punishment by a fine not exceeding five hundred dollars ($500.00) or by imprisonment not exceeding six months, or both, in the discretion of the court. We hold that the sentences imposed are within the limits set by law at the time of the offenses and at the time of trial therefor.

[11] Defendants contend by their final assignment of error that their constitutional rights were violated by the court's denial of their motion to quash the jury venire for the systematic exclusion of Negroes and by the court's refusal to allow them to make an evidentiary showing on their motion. All of the defendants are members of the Negro race.

[12, 13] It is fundamental in this State, as elsewhere, that a defendant has a right to be tried by a jury from which members of his race have not been arbitrarily and systematically excluded. *State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897; *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386; *State v. Lowry,* 263 N.C. 536, 139 S.E. 2d 870; *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109. Furthermore, a defendant must be given a reasonable opportunity and time to investigate and produce evidence, if such exists, to support his allegations of racial discrimination in the selection of the jury venire. *State v. Covington,* 258 N.C. 495, 128 S.E. 2d 822; *State v. Perry,* 248 N.C. 334, 103 S.E. 2d 404. Whether a defendant has had a reasonable opportunity and time for such purpose must be determined from the facts in each particular case. *State v. Perry, supra.*

The record here indicates that before defendants entered a plea the following transpired between their counsel and the court:

"MR. FERGUSON: I want to make a motion to quash the jury venire and would like to make a showing on it.

THE COURT: If you want to offer evidence I will hear it now. I think you have had ample time.

MR. FERGUSON: I would like for the record to reflect that counsel requested an opportunity to make a showing.

THE COURT: Let the record show that and further show that the court is now willing to hear any evidence defend-

ants wish to offer on that question and denies the motion for continuance or delay to gather evidence on the question.

MR. FERGUSON:  Let the record show that the only evidence we have at this time is the makeup of the jury.

THE COURT:  Let the record show that of those present on the regular jury panel and the supplemental jurors, upon a roll call the Clerk reports that 54 are white and 20 Negro."

[11]  No portion of the record supports defendants' contention that their motion to be allowed to make a showing concerning allegations of discrimination was denied. On the contrary, the court clearly indicated that the defendants could proceed and evidence was in fact presented that of those present on the jury panel 54 were white and 20 were Negro. Defendants do not argue that this evidence, standing alone, constitutes a showing of discrimination but they insist that the court should have granted a delay to allow counsel to make a further showing. We find nothing in the record to indicate that a delay was requested nor do we find any grounds set forth in the record that would have justified the granting of such a request if made. The court stated that defendants had had sufficient time to gather necessary evidence on the question. There is nothing in the record to suggest that the court's conclusion was inaccurate. This case does not present the factual situations of *State v. Perry, supra,* or *State v. Covington, supra,* where written motions were filed setting forth requests for a hearing and asking to have process issue to certain persons whose testimony was needed as evidence with respect to the selection of grand juries. Here, all that was requested was leave to make a showing. Leave was granted. We cannot hold that the court erred in denying a request for a delay that was not made and where nothing appears indicating that a delay was warranted.

In the entire trial we find

No error.

CAMPBELL and PARKER, JJ., concur.