STATE OF NORTH CAROLINA v. FRANK ATLAS, RAYMOND L. RIDGE, AND GERTRUDE HUARD

No. 21

(Filed 11 April 1973)

1. **Constitutional Law § 14; Sundays and Holidays— validity of Cumberland County Sunday Observance Ordinance — evidence that obscene magazines are permitted to be sold in Fayetteville**

    Evidence that obscene magazines were permitted to be sold "in Fayetteville" on Sundays was irrelevant and incompetent on the question of the validity of the Cumberland County Sunday Observance Ordinance since (1) such circumstance does not show or tend to show the invalidity of an otherwise valid ordinance requiring the cessation of business activities in general on the day designated by the legislative body as a day of rest and (2) the ordinance does not apply within the city limits of Fayetteville and activities permitted in Fayetteville could not, therefore, tend to show that the county ordinance is arbitrary or discriminatory.

2. **Indictment and Warrant § 14— motion to quash — constitutionality of statute or ordinance**

    A defendant charged with the violation of a statute or ordinance may challenge the constitutionality of such statute or ordinance by a motion to quash the warrant or indictment, since there can be no sufficient statement of criminal offense in a charge of violation of an unconstitutional statute or ordinance.

3. **Indictment and Warrant § 14— motion to quash — failure to charge criminal offense — question of law — extraneous evidence not considered**

    When the ground for a motion to quash is that the warrant or indictment fails to charge a criminal offense, whether this be due to a deficiency in the allegations of the warrant or indictment or due to the unconstitutionality of the statute or ordinance, the violation of which is charged, the motion to quash presents a question of law only which must be determined solely from consideration of the allegations in the warrant or indictment and the provisions of the statute or ordinance, and extraneous evidence may not be considered.

4. **Constitutional Law § 14— Cumberland County Sunday Observance Ordinance — constitutionality**

    The Cumberland County Sunday Observance Ordinance is constitutional, and the motion of defendants to quash warrants charging

State v. Atlas

that they sold clothing on Sunday in violation of that ordinance was properly denied.

5. **Constitutional Law § 14— Sunday observance ordinance — failure of ordinances of other municipalities to contain identical exemptions**

Unconstitutional discrimination in a county ordinance requiring businesses generally to be closed on a specified day of the week, designated by the legislative body as a day of rest, and exempting from such requirement certain types of business is not shown by the fact that the ordinance of some other county or municipality does not contain identical exemptions from its general closing requirement.

6. **Constitutional Law § 14— Sunday observance ordinance — exemptions of certain businesses**

There is no closed category of businesses which the legislative body may exempt from a general closing requirement, it being sufficient that there is reasonable basis for belief that the operation on the day of rest of the excepted businesses is necessary or conducive to the enjoyment by the public of the designated day as a day of rest, and that the activities of the defendant are not.

APPEAL by defendants from the Court of Appeals, which found no error in the judgment of *Godwin, S.J.,* at the 17 July 1972 Criminal Session of CUMBERLAND.

The defendants were tried and found guilty in the District Court of Cumberland County upon warrants charging them, respectively, with selling on Sunday articles of clothing in violation of an ordinance of Cumberland County entitled, "An Ordinance Concerning the Observance of Sunday as a Uniform Day of Rest in Cumberland County." Upon appeal to the Superior Court, the cases were heard de novo, the three warrants being consolidated for trial without objection by the defendants. Prior to the entry of a plea, each defendant moved to quash the warrant on the ground that the ordinance is unconstitutional in that it denies the defendant the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States and of Article I, § 19, of the Constitution of North Carolina.

Upon the hearing of the motions to quash, the defendants, in support of their motions, introduced the testimony of a member of the Cumberland County Sheriff's staff to the effect that during the year 1972 moving picture theaters, cigar and tobacco stores, newsstands, drug stores, grocery stores, fruit, vegetable and melon stands, manufacturing and industrial operations, and places of business of realtors and dealers in mobile

State v. Atlas

homes operated on Sunday in Cumberland County in compliance with the ordinance. The record does not make clear whether these were or were not within the limits of an incorporated municipality, within which the ordinance, by its terms, has no application.

At the hearing upon the motions to quash, the defendant Atlas also testified that he purchased on Sunday, 16 July 1972, certain periodicals at a theater and bookstand located *in Fayetteville*. The magazines so purchased were then offered by the defendants in evidence. The objection of the State thereto was sustained. Thereupon, the motions to quash were denied. Each defendant then entered a plea of not guilty. In each case the jury found the defendant guilty as charged and the Superior Court sentenced the defendant to imprisonment in the county jail for two days, the sentence to be suspended upon payment of a fine of $25.00 and the costs of the action.

Each defendant appealed to the Court of Appeals, assigning as error: (1) The refusal of the Superior Court to admit the above mentioned magazines in evidence at the hearing of the motion to quash; (2) the denial of the motion to quash; and (3) the entry of the judgment above mentioned. The Court of Appeals found no error, Campbell, J., dissenting.

The three warrants, except for the names of the defendants, the descriptions of the articles sold, and other matters not material to this appeal, were identical. The warrant against the defendant Atlas was issued upon a duly sworn complaint charging as follows:

"The undersigned, John DeCarter, upon information and belief, being duly sworn, complains and says that at and in the County named above and on or about the 5th day of March, 1972, the defendant named above did unlawfully, wilfully, while employed as the manager for Whitney Stores Incorporated, a corporation, doing business as Treasure City, Raeford Road, Fayetteville, North Carolina, said business premises being located in the County of Cumberland and outside the corporate limits and jurisdiction of any municipality, and at the said premises described above did sell clothing, wearing apparel and clothing accessories, to wit: one (1) pair of men's cotton socks and one (1) man's snap-on necktie at 1:15 p.m., March 5, 1972, which is Sunday.

"The offense charged here was committed against the peace and dignity of the State and in violation of law G.S. 153-9 (55) and Sec. 1A (1) Ordinance on the Observation of Sunday as a Uniform Day of Rest in Cumberland County, N. C."

The defendant Ridge is similarly charged with selling one man's shirt and the defendant Huard is similarly charged with selling one pair of men's cotton socks and one man's snap-on necktie.

It was stipulated (1) that the business premises at which the sales are alleged to have occurred were located outside the corporate limits and jurisdiction of any municipality, and (2) that at the time of the alleged sales the ordinance in question had been duly enacted and was in full force and effect.

The provisions of the ordinance are also stipulated. The preamble recites that the power to enact ordinances requiring the observance of Sunday as a day of rest has been delegated to the county by G.S. 153-9 (55), that the Board of Commissioners finds and declares that the carrying on of unrestricted business activities on Sunday in the county does not result in the due observance of Sunday as a day of rest and is contrary to the public health, general welfare, safety and morals of the citizens, and that the board finds and declares that there exists a clear and present need to restrict the carrying on of business activities on Sunday in the county in order to provide for the due observance of Sunday as a day of rest, and to protect and promote the public health, the general welfare, safety and morals of the citizens. The ordinance then provides:

"It shall be unlawful for any person to sell * * * any goods, wares or merchandise in the County of Cumberland on Sunday, nor shall any store * * * or any other place of business in which goods, wares, or merchandise are kept for sale, be kept open between 12:00 o'clock midnight Saturday and 12:00 o'clock midnight Sunday, unless such store * * * or other place of business is expressly allowed to open and sell goods under the provision of this article; provided, however, that notwithstanding any other provisions of this chapter, no such store * * * or other place of business shall sell, offer or expose for sale to the general public any of the following:

(1) Clothing and wearing apparel;

State v. Atlas

(2) Clothing accessories;

(3) Furniture, housewares * * * or office furnishings;

(4) Household, business or office appliances;

(5) Hardware * * * building and lumber supply materials;

(6) Jewelry * * * musical instruments and recordings;

(7) Sporting goods and toys."

The ordinance then provides that certain specified types of business establishments may remain open on Sunday for the sale of specified types of merchandise; certain types of business establishments may remain open on Sunday during specified hours for the sale of articles other than those specifically prohibited by the above quoted provision of the ordinance and others may remain open for the rendition of specified services. The establishments so permitted to remain open for business on Sundays are shoeshine parlors, sellers of Christmas greenery (during December), cigar and tobacco stores and newsstands (for the sale of specified types of merchandise), drug stores (except for the sale of articles of types enumerated in the above quoted provision of the ordinance), theaters and places of exhibition of games, plays and sports (including the sale thereat of beverages and confections), fruit, vegetable and melon stands (from noon to midnight), garages and filling stations (including the sale of gasoline and oils, parts and accessories, beverages, confections and tobacco), grocery stores and curb markets (from noon to midnight for the sale of any items not otherwise prohibited by law), hotels, restaurants, etc., (for their usual business, including the sale of food, beverages, tobacco, newspapers and periodicals), ice, coal and fuel oil manufacturers and dealers (for the sale of these products), ice cream manufacturers, dairies and creameries (for the sale of these products), newspapers and magazines (including sales by newsstands or newsboys), sellers of live bait, manufacturers of bakery products (for the manufacture, sale and distribution of such products for consumption off the premises), hospitals, etc., establishments and offices rendering personal services, emergency repair services (including the sale of parts incident thereto), public utility services, athletic courts, swimming pools and like places of amusement, manufacturing and industrial operations, funeral services, florists, dispensation of services or

merchandise by automatic coin operated vending machines, and places of business selling mobile homes.

The ordinance provides that it does not apply within the corporate limits or jurisdiction of any municipality in the county unless the governing body thereof shall, by resolution, agree to such ordinance.

The defendants' motions to quash the warrants allege the ordinance is unconstitutional for that: (1) It discriminates unreasonably between persons or classes; (2) there is no reasonable relation between the ordinance and the legitimate objectives set forth in the preamble thereof; (3) it does not in fact provide for or require a uniform day of rest in the county; (4) it does not in fact protect and promote the public health, the general welfare, safety and morals of the citizens; (5) the sale on Sunday of a man's shirt, necktie and socks is not detrimental to the public health, the general welfare, the safety or the morals of the citizens of the county; and (6) the ordinance is vague and indefinite.

*Attorney General Morgan and Assistant Attorney General Rich for the State.*

*Ervin, Horack & McCartha by C. Eugene McCartha and J. Duane Gilliam for defendants.*

LAKE, Justice.

[1] The defendants' first assignment of error is to the refusal of the trial court to admit in evidence at the hearing on the motion to quash the warrants certain magazines which the defendant Atlas testified he purchased on a Sunday at a newsstand "in Fayetteville." The defendants' contention is that these magazines are obscene and, since, under the ordinance, publications of this nature can be sold at newsstands on Sunday, it cannot be said that the ordinance has a reasonable relation to its stated objective, which is "to provide for the due observance of Sunday as a day of rest, and to protect and promote the public health, the general welfare, safety and morals of the citizens."

Quite obviously, the defendants' characterization of these magazines as obscene is correct. Their sale on Sunday, or on any other day of the week, does nothing to promote the morals of the citizens of Cumberland County. It is equally obvious, upon

the face of the ordinance, without any evidence of actual sales, that this ordinance expressly permits the sale on Sunday at newsstands of "papers and periodicals and accessories" without regard to the nature or quality of their contents. The contention that, since this is true, the county cannot promote the observance of Sunday as a general day of rest by requiring the closing on Sunday of stores and other places of business generally and forbidding the sale on Sunday of articles of clothing and other specified types of merchandise is, however, a *non sequitur*.

The clear purpose of the ordinance in question is to promote the public health and welfare by requiring the observance of Sunday as a day of rest from business activities generally. Newsstands and other specified types of business establishments are permitted by the ordinance to open and operate on Sunday, not because the merchandise sold in the excepted businesses is more or less conducive to good morals than clothing, furniture or building materials, but because, in the opinion of the Board of County Commissioners, access to reading material and the other excepted merchandise or activity is necessary to or, at least, conducive to the public's enjoyment of Sunday as a day of rest from normal business activities. In order for such an ordinance to withstand an attack upon its constitutionality as arbitrary or discriminatory, it is not necessary that the legislative body, in the same ordinance, prohibit everything which is detrimental to the public morals, health or safety.

For aught that appears in this record Cumberland County may have another ordinance which prohibits the sale of magazines of the type offered in evidence by the defendants, assuming for the sake of argument that the general state statute dealing with the dissemination of obscenity does not do so. This Court does not take judicial notice of the existence or the nonexistence of county or municipal ordinances. *Surplus Co. v. Pleasants,* 263 N.C. 587, 591, 139 S.E. 2d 892; *State v. Clyburn,* 247 N.C. 455, 461, 101 S.E. 2d 295; Stansbury, North Carolina Evidence, 2d Ed., § 12.

Assuming, however, that there is no other county ordinance or state law which prohibits a newsstand in Cumberland County from selling on Sunday filth masquerading as art or literature, such circumstance does not show or tend to show the invalidity of an otherwise valid ordinance requiring the cessation of business activities in general on the day designated by the legisla-

tive body as a day of rest. The evidence offered by the defendants was as irrelevant to the issue before the court as would have been testimony that, on a given Sunday, a specified restaurant in the county served the witness food which was indigestible or otherwise unfit for human consumption.

Furthermore, the testimony of the defendant Atlas was that he purchased these publications at a newsstand "in Fayetteville." The ordinance, by its expressed terms, does not apply within the city limits of Fayetteville unless the governing body of the city, by resolution, has agreed thereto and nothing in the record suggests such action by the governing body of the City of Fayetteville. G.S. 153-9(55), the source of the authority of the Board of County Commissioners to enact such ordinance, provides that such county ordinance shall not apply within the limits or jurisdiction of such municipality unless its governing body agrees thereto. The Board of County Commissioners having no legislative authority, with respect to this matter, over the territory within the city limits of Fayetteville, evidence of activities permitted on Sunday within the city does not show or tend to show that the county ordinance is arbitrary or discriminatory. The evidence offered by the defendants was, therefore, irrelevant and incompetent for this reason also.

[2]   A motion to quash is a method for testing the sufficiency of the warrant or indictment to charge a criminal offense, not a means for determining the guilt or innocence of the defendant with respect to the charge therein made. *State v. Cooke,* 248 N.C. 485, 103 S.E. 2d 846. A defendant charged with the violation of a statute or ordinance may challenge the constitutionality of such statute or ordinance by a motion to quash the warrant or indictment, since there can be no sufficient statement of criminal offense in a charge of violation of an unconstitutional statute or ordinance. *State v. Brewer,* 258 N.C. 533, 129 S.E. 2d 262; *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768.

[3]   When the ground for the motion to quash is that the warrant or indictment fails to charge a criminal offense, whether this be due to a deficiency in the allegations of the warrant or indictment or due to the unconstitutionality of the statute or ordinance, the violation of which is charged, the motion to quash presents a question of law only and must be determined from consideration of the allegations in the warrant or indictment and the provisions of the statute or ordinance.

*State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913. In such case the court is not permitted to consider extraneous evidence. *State v. Vestal,* 281 N.C. 517, 189 S.E. 2d 152; *State v. Lee,* 277 N.C. 242, 176 S.E. 2d 772; *State v. Cooke, supra; State v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745; *State v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663. Such cases are distinguishable from those in which the basis for the motion to quash is that the indictment was returned by an improperly constituted grand jury, or by a grand jury which proceeded unlawfully in considering the indictment against the defendant, in which cases evidence is properly received for the purpose of establishing or refuting the allegation of such irregularity. See: *State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897; *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386; *State v. Colson,* 262 N.C. 506, 516, 138 S.E. 2d 121; *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109; *State v. Inman,* 260 N.C. 311, 132 S.E. 2d 613; *State v. Covington,* 258 N.C. 495, 128 S.E. 2d 822; *State v. Linney,* 212 N.C. 739, 194 S.E. 470.

In the present case we do not reach the question of whether a motion to quash lies where the contention is that a statute or ordinance, valid on its face, cannot be a proper basis for a criminal charge because it has been enforced or applied in a discriminatory manner or, if so, whether evidence may properly be received upon the hearing of such a motion. In *State v. Underwood and Harkey,* 283 N.C. 154, 195 S.E. 2d 489, decided this day, these questions are considered and determined. In the present instance it is not contended that the ordinance of Cumberland County has been applied or enforced in a discriminatory manner in the territory to which it applies. The contention is that the ordinance in question is unconstitutional on its face because it permits certain business activities on Sunday while prohibiting the sale of clothing on Sunday. Consequently, the motion to quash presented a question of law only and the evidence offered by the defendants was not competent.

For each of the above reasons, the defendants' Assignment of Error No. 1 is without merit.

The second assignment of error is to the overruling of the motion to quash the warrant. We find no merit in this contention.

[4] The constitutionality of this identical ordinance was before this Court in *Whitney Stores v. Clark,* 277 N.C. 322, 177

S.E. 2d 418, the plaintiff there being the employer of the present defendants. We there held that the authority to enact such ordinance was conferred upon the boards of commissioners of the respective counties by G.S. 153-9(55). We there rejected the contention that the ordinance is invalid in that it has no relationship to public health, general welfare, safety and morals, and discriminates unreasonably in its classifications of businesses and of the articles which may and those which may not be lawfully sold on Sunday. As we there noted, the provisions of this ordinance are essentially the same as those of the ordinance of the City of Raleigh, similarly attacked, and held valid in *Kresge Co. v. Tomlinson* and *Arlan's Department Store v. Tomlinson*, 275 N.C. 1, 165 S.E. 2d 236, the ordinance of the City of Greenville, held valid in *Clark's v. West*, 268 N.C. 527, 151 S.E. 2d 5, and the ordinance of the City of Winston-Salem, similarly attacked, and held valid in *Charles Stores v. Tucker*, 263 N.C. 710, 140 S.E. 2d 370. It is also identical in all material respects with the ordinance of the City of Charlotte, similarly attacked, and held valid in *Clark's Charlotte, Inc. v. Hunter*, 261 N.C. 222, 134 S.E. 2d 364. We find nothing in the contentions of the defendants in this case which was not fully considered and decided adversely to them by this Court in the foregoing cases.

[5, 6] Unconstitutional discrimination in a county ordinance requiring businesses generally to be closed on a specified day of the week, designated by the legislative body as a day of rest, and exempting from such requirement certain types of business is not shown by the fact that the ordinance of some other county or municipality does not contain identical exemptions from its general closing requirement. There is no closed category of businesses which the legislative body may exempt from such general closing requirement. It is sufficient that there is reasonable basis for belief that the operation on the day of rest of the excepted businesses is necessary or conducive to the enjoyment by the public of the designated day as a day of rest, and that the activities of the defendant are not. "Abstract symmetry" and "mathematical nicety" are not required of the legislative body in the making of such classifications of business activities. *Clark's Charlotte, Inc. v. Hunter, supra; Patsone v. Commonwealth of Pennsylvania*, 232 U.S. 138, 144, 34 S.Ct. 281, 58 L.Ed. 539; *People v. Friedman*, 302 N.Y. 75, 96 N.E. 2d 184. In the present case the defendants do not contend that any other person, firm or corporation, is permitted to sell clothing in Cumberland County on Sunday or that the defendants are for-

bidden to sell or are charged with selling on Sunday any article which any other person is permitted to sell under the terms of the ordinance or through the policies of those charged with its enforcement.

The motion to quash was properly denied.

Affirmed.