IN RE: SELMA SHELTON (69-J-32)
JOHN GREEN CUNNINGHAM (69-J-33)
No. 692DC300

(Filed 23 July 1969)

**Constitutional Law § 29;   Courts § 15;   Infants § 10—   constitutionality of Juvenile Courts Act — jury trial in juvenile proceeding**
    The North Carolina Juvenile Statute, G.S. Ch. 110, Art. 2, is constitu-

tional, and a jury trial is not constitutionally required in a juvenile court. proceeding.

APPEAL by respondents from *Ward, District Judge,* January 1969 Juvenile Session, District Court of HYDE County, Division of the General Court of Justice.

*Attorney General Robert Morgan and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Chambers, Stein, Ferguson and Lanning by James E. Ferguson, II, for respondents.*

MALLARD, C.J.

These matters were heard separately on 21 January 1969. Evidence was taken separately. There has been no order entered consolidating these proceedings for a hearing. See Rule 14 of the Rules of Practice in the Court of Appeals. Under Rule 48 it would be entirely proper to dismiss the appeal, however, we decide the proceedings on their merits.

In a juvenile petition, #69-J-32, the respondent Selma Shelton, of Rt. 1, Swan Quarter, was alleged to be under 16 years of age and in need of the care, protection or discipline of the State. In the petition, it is alleged, in substance, that such need was demonstrated and evidenced by the conduct of the respondent on 14 November 1968 in unlawfully, wilfully, and intentionally blocking, obstructing, and impeding the flow of traffic on the State Highway and street passing through and traversing the community of Swan Quarter, in violation of G.S. 20-174.1. The evidence tended to show that at the time thereof this respondent was one of a group of twenty-three females and eleven males engaged in such conduct.

In another juvenile petition, #69-J-33, the respondent John Green Cunningham, of Rt. 1, Engelhard, was alleged to be under 16 years of age and in need of the care, protection or discipline of the State. In the petition, it is alleged, in substance, that such need was demonstrated and evidenced by the conduct of the respondent on 12 November 1968 in unlawfully, wilfully and intentionally blocking, obstructing, and impeding the flow of traffic on the State Highway and street passing through and traversing the community of Swan Quarter, in violation of G.S. 20-174.1. The evidence tended to show that at the time thereof this respondent was one of a group of twenty-six persons engaged in such conduct.

After the hearings, a separate, but almost identical order of cus-

tody was entered declaring each to be a delinquent in need of more suitable guardianship. In each of the orders of custody, it is provided that the respondent:

"(I)s hereby committed to the custody of the Hyde County Department of Public Welfare to be placed by said department in a suitable institution maintained by the State for the care of delinquents (as said institutions are enumerated in G.S. 134-91), after having first received notice from the Superintendent of said institution that such person can be received, and held by said institution for no definite term but until such time as the Board of Juvenile Correction or the Superintendent of said institution may determine, consistent with the laws of this State; this commitment is suspended and said child placed upon probation for twelve months, under these special conditions of probation:

1.  That said child violate none of the laws of North Carolina for 12 months;

2.  That said child report to the Director of the Hyde County Public Welfare Department, or his designated agent, at least once each month at a time and place designated by said Director;

3.  That said child be at his residence by 11:00 P.M. each evening;

4.  That said child attend some school, public or private, or some institution offering training approved by the Hyde County Director of Public Welfare.

This matter is retained pending further order of the Court."

The respondents contend that the North Carolina Juvenile Statute as contained in Article II of Chapter 110 of the General Statutes is unconstitutional.

Respondents also contend that their constitutional rights were violated because they were not afforded jury trials.

These questions in identical language were raised and decided contrary to respondent's contentions in the case of *In Re Burrus*, 4 N.C. App. 523, 167 S.E. 2d 454 (1969).

In *Burrus* the factual situation was almost the same as here. The evidence in both tended to show that groups of children were permitted or allowed by their parents or persons *in loco parentic* to gather together in gangs and roam up and down the streets and highways intentionally and willfully blocking and impeding the flow of

traffic to the harassment of all the people at that time lawfully using those particular streets and highways in Hyde County.

For the reasons enunciated in *Burrus*, we are of the opinion and so hold that the North Carolina Juvenile Statute as contained in Article II of Chapter 110 of the General Statutes is not unconstitutional, and that the constitutional rights of the respondents were not violated because they were not afforded a jury trial.

Affirmed.

BRITT and PARKER, JJ., concur.