State v. Frinks

STATE OF NORTH CAROLINA v. GOLDEN ASRO FRINKS, EDWARD LEE ASKEW, KATHALEEN HARRIS AND PRENTICE SYLVES-TER VALENTINE

No. 741SC267

(Filed 7 August 1974)

1. Criminal Law § 92— consolidation of cases — discretionary matter

The decision whether to consolidate cases for trial rests within the discretion of the trial court and will not be disturbed upon appeal where the defendants did not allege or show that harm resulted because of the consolidation.

2. Highways and Cartways § 10— obstructing highway — eyewitness's description of scene — relevance

In a prosecution for sitting, standing or lying upon a public highway or street in such a manner as to impede the regular flow of traffic the trial court did not err in admitting into evidence testimony describing the scene at the time and place in question by two witnesses who were operators of separate cars and who were forced to halt their vehicles because of the marchers in the street, even though the witnesses could not identify defendants as being among the group which attacked the vehicle of one of the witnesses.

3. Highways and Cartways § 10— obstructing of highway — sufficiency of evidence

In a prosecution for sitting, standing or lying upon a public highway or street in such a manner as to impede the regular flow of traffic in violation of G.S. 20-174.1, evidence was sufficient to be submitted to the jury where it tended to show that a group of fifty or sixty people, including defendants, marched without a permit along the streets of Edenton, blocked traffic, and attacked a vehicle which had been forced to stop.

4. Highways and Cartways § 10— obstructing highway — use of "feloni-ously" in instructions

Defendants were not prejudiced where the trial court in its instructions read the warrants charging defendants with " . . . feloni-ously" sitting in violation of G.S. 20-174.1, though the words "and feloniously" had been marked out in each warrant, since the court quoted to the jury the provision of G.S. 20-174.1 which does not contain the word "feloniously."

5. Criminal Law § 114— jury instructions — summary of testimony — no expression of opinion

The trial court's statement in summarizing for the jury a police officer's testimony "that he saw the blocking of the street which he described" did not amount to an expression of opinion in violation of G.S. 1-180.

State v. Frinks

6. **Highways and Cartways § 10— obstructing highway — elements of offense — sufficiency of instructions**

In a prosecution for sitting, standing or lying upon a public highway or street in such a manner as to impede the regular flow of traffic, the trial court did not err in failing to charge that the elements of the offense must include the wilful standing in a public street in such a manner as to wilfully impede the regular flow of traffic.

7. **Criminal Law § 138— severity of sentence upon retrial — necessity for explanation**

There is no requirement that the superior court, after trial *de novo* upon appeal from a conviction in district court, must articulate its reasons for imposing a harsher sentence than was imposed in district court.

APPEAL by defendants from *Copeland, Judge,* 17 September 1973 Session of Superior Court held in CHOWAN County. Heard in the Court of Appeals 17 June 1974.

Defendants were each charged in warrants with sitting, standing or lying upon a public highway or street in such a manner as to impede the regular flow of traffic, in violation of G.S. 20-174.1.

Defendants entered pleas of not guilty in Chowan County District Court, and appealed the guilty verdicts and imposition of sentences to the Superior Court for trial *de novo*. In the Superior Court, the cases were consolidated for trial, and the defendants pleaded not guilty.

The State's evidence tends to show that on 17 May 1973, a group of fifty to sixty black people were marching west on the paved portion of Freemason Street, occuping the left portion of the street, in Edenton, North Carolina. Freemason Street is approximately eighteen feet wide with no sidewalks or curbing. Defendant Frinks was on the north side of the group walking down the center of the street; Defendant Askew was about a fourth of the way back within the group.

As the group continued along Freemason Street across its intersection with Broad Street, they blocked the street. Two automobiles and a log truck proceeding along Broad Street were forced to stop. The two automobiles were driven by Valeria Roberts and Dorothy Owens. The Roberts vehicle was surrounded by members of the marching group, who pounded the windshield and hood of the vehicle with their fists; and one marcher pulled the hair of Mrs. Roberts' little girl.

In marching west on Freemason Street, the group had the street blocked in such a manner as to keep traffic behind or force a vehicle to pull off the road onto the shoulder. The group made a left turn onto Granville Street and proceeded south for two blocks, where the group made a left turn onto Albemarle Street. As the group turned onto Albemarle Street, it completely blocked the intersection and both streets, while singing "We Shall Not Be Moved," "They Ain't No Policeman Going to Turn Us Around," and cheering "Black Power," "Red Power," and "Soul Power."

After the group had marched one hundred feet along Albemarle Street, it moved to the sidewalk on the north side of the street, where a number of Highway Patrol and police vehicles pulled alongside the group. Captain C. H. Williams, of the Edenton Police Department, along with other officers, approached Defendant Frinks and advised defendant that he was placing the entire group under arrest for marching without a permit and blocking traffic. Defendant Frinks replied, "You can't do that," and fell to the sidewalk, followed in a like fashion by most of the group. Approximately twenty-three or twenty-four members of the group were arrested.

At the close of State's evidence, defendants moved for judgment as of nonsuit as to each defendant. The motions were denied.

The defendants offered no evidence.

The jury returned verdicts of guilty as charged as to each defendant. Defendant Frinks was sentenced to imprisonment for a term of six months. Defendant Askew was sentenced to imprisonment for a term of three months. Defendant Harris was sentenced to imprisonment for a term of six months. This sentence was suspended, and Defendant Harris was placed on probation. Defendant Valentine was sentenced to imprisonment for a term of three months.

Each defendant appealed, bringing forward the same assignments of error.

*Attorney General Morgan by Assistant Attorney General Matthis, for the State.*

*Leroy, Shaw, Hornthal & Riley, by Charles C. Shaw, Jr., for the defendants.*

BROCK, Chief Judge.

[1] Defendants contends the trial court committed error in allowing consolidation of the case against Defendant Frinks with the cases against the other three defendants.

"Ordinarily, unless it is shown that irreparable prejudice will result therefrom, consolidation for trial rather than multiple individual trials is appropriate when two or more persons are indicted for the same criminal offense(s)." *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858.

Defendants do not allege that harm resulted because of the consolidation. The decision whether to consolidate cases for trial rests within the discretion of the trial court, which will not be disturbed upon appeal unless the movant has been denied a fair trial due to the consolidation. This assignment of error is overruled.

Defendants contend the trial court committed error in denying defendants' motion to strike specific testimony of Captain C. H. Williams.

The testimony complained of was elicited by counsel for defendant on cross-examination and was clearly responsive. The testimony was as follows:

" . . . I believe the defendant Askew was on the south side of the group and was one of the ones that went over to this vehicle which was stopped. To the best of my knowledge, he was one of them. I did see Askew in the street. He was in the group, near the front when I first observed the group.

"Q. I am talking about on Main Street or Broad Street.

"A. I say, from the best of my knowledge, he was one of the ones that walked from the group to the vehicle.

"MR. WHITE: I move that answer be stricken.

"COURT: OVERRULED."

It is clear that the witness had already testified to the same thing and that, under pressure from defense counsel, he merely restated what he had said before, albeit he used slightly different words. This assignment of error is feckless.

**[2]** Defendants contend the trial court committed error in admitting irrelevant and prejudicial testimony of the witnesses Roberts and Owens as to the attack on the Roberts vehicle by unidentified persons.

The witnesses Roberts and Owens were operators of separate automobiles, who were forced to halt their vehicles because of the presence of the group of marchers who obstructed the street. Although the witnesses could not specifically identify defendants as being among the group which attacked the Roberts vehicle, they, nevertheless, described the scene at the time and place in question. Upon objection by defendants, the trial judge restricted the testimony for corroborative purposes. It is not clear why the trial judge so restricted it. The testimony seems to be competent to describe the scene, even though these particular witnesses could not identify anyone. The identification came from other witnesses. Nevertheless, defendants are in no position to complain. The ruling of the court was more advantageous to defendants than they were entitled to have.

**[3]** Defendants contend the trial court committed error in refusing to allow defendants' motion for judgment as of nonsuit at the conclusion of State's evidence.

Upon consideration of a motion for judgment as of nonsuit in a criminal case, the evidence of the State is taken to be true and is entitled to every reasonable inference and intendment therefrom. The motion is properly denied if there is any evidence to support the allegation in the warrant or bill of indictment. 2 Strong, N. C. Index 2d, Criminal Law, § 106. This assignment of error is overruled.

**[4]** Defendants contend the trial court committed error in its charge to the jury when it read the warrant which charged defendants with " . . . feloniously" sitting in defining the violation of G.S. 20-174.1.

Defendants were all charged in warrants with a violation of G.S. 20-174.1, in that each defendant "did unlawfully, wilfully, sit, stand, or lie upon a public highway or street in such a manner as to impede the regular flow of traffic, . . . . " In each warrant, a line was drawn through the words, "and feloniously." The trial judge, in reading the warrants to the jury, failed to omit the words, "and feloniously."

A charge must be construed in its entirety in the context in which it was given. "When thus considered, if it 'fairly and

correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate.' " *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901.

In reviewing the charge in its entirety, we find the trial court quoted the provision of G.S. 20-174.1, which does not contain the word, "feloniously." Defendants fail to point out any prejudice to them by the inadvertence in reading the warrant, and we fail to see how defendants could have been prejudiced by it.

[5] Defendants contend the trial court committed error in using language that expressed an opinion of the trial court in summarizing the testimony of Officer W. C. Cramm.

Officer Cramm had testified as follows:

> "The blacks (members of the group of marchers) were still in the intersection when I stopped and when the cars which came up beside me stopped. The blacks were right in front of the stopped vehicles. The vehicles had the choice of stopping or running over the people in the street."

The trial court, in summarizing Officer Cramm's testimony, stated "that he saw the blocking of the street which he described." We fail to see how this reasonable summary of the testimony expresses an opinion or conclusion which denies defendants the impartiality required by G.S. 1-180. This assignment of error is overruled.

[6] Defendants contends the trial court erred in its charge to the jury by failing to explain correctly the elements of the offense charged in the law arising from the evidence in failing to charge that the elements must include the willful standing in a public street in such a manner as to *willfully impede* the regular flow of traffic.

> "[I]t is quite clear that the legislature intended to make it unlawful for any person to impede the regular flow of traffic upon the streets and highways of the State by willfully placing his body thereon in either a standing, lying or sitting position. A person may stand and walk, stand and strut, stand and run, or stand still. All these acts are condemned by the statute when done willfully in such a manner as to impede the regular flow of traffic upon a

public street or highway." *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765.

The charge to the jury correctly applied the law to the facts. This assignment of error is overruled.

Defendants contend the trial court committed error in denying defendants' motion to set aside the verdict in each case as being contrary to the evidence. Such motion is addressed to the discretion of the trial court, and its denial of the motion is not reviewable upon appeal. This assignment of error is overruled.

[7]   Defendants contend the trial court committed error by not affirmatively entering in the record the reason a more severe sentence was entered in the Superior Court than was entered in the District Court. This Court, in *State v. Butts,* et al., 22 N.C. App. 504, 206 S.E. 2d 806 (filed 17 July 1974), in an opinion by Judge Morris, has laid this argument to rest. There is no requirement that the Superior Court, after trial *de novo* upon appeal from a conviction in District Court, must articulate its reasons for imposing a harsher sentence than was imposed in District Court. See, *Colten v. Kentucky,* 407 U.S. 104, 94 S.Ct. 1953, 32 L.Ed. 2d 584 (1972). Defendants have failed to affirmatively show vindictiveness on the part of the trial court. This assignment of error is overruled.

In our opinion, defendants received a fair trial, free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.