PATRICIA ANN SELF, BY HER GUARDIAN AD LITEM, CRAWFORD M. SELF v. JERRY WAYNE DIXON

No. 7819SC339

(Filed 6 February 1979)

Automobiles § 90.4— contributory negligence of pedestrian on street—no intent to impede traffic—instructions erroneous

In an action to recover for personal injuries sustained by plaintiff pedestrian when she was struck by defendant's vehicle, the trial court erred in submitting to the jury plaintiff's violation of G.S. 20-174.1 in instructing on the issue of contributory negligence, since there was not sufficient evidence tending to show that plaintiff wilfully placed herself on the street to impede or block traffic.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 30 November 1977 in Superior Court, CABARRUS County. Heard in the Court of Appeals 18 January 1979.

Plaintiff, age 14, seeks to recover for personal injuries sustained on 30 July 1975 when she was struck by an automobile owned and operated by defendant. The defendant's answer denied negligence and alleged that the minor plaintiff was contributorily negligent.

At trial, the plaintiff presented evidence which tended to show that it was daylight and the weather was fair; she was pushing her niece in a stroller in a southerly direction on the west shoulder of Deaton Street in Kannapolis. She could not push the stroller on the east shoulder because it was narrow and rough. She stooped down to pick up a rag her niece had dropped in the road; she was facing west, "half on and half off the pavement." She saw defendant's vehicle enter the intersection, about 60 feet to the north, and turn south on Deaton Street. She didn't

have time to stand up and get off the pavement before the car hit her.

The evidence for defendant tended to show that defendant was blinded by the sun as he turned south on Deaton Street and could not see the minor plaintiff until he was approximately 10 feet away. He was traveling approximately 5 miles per hour down Deaton Street.

The jury found that defendant was negligent and that the minor plaintiff was contributorily negligent and plaintiff appeals from the judgment entered in favor of defendant.

*Koontz, Horton & Hawkins by K. Michael Koontz for plaintiff appellant.*

*Hedrick, Parham, Helms, Kellam & Feerick, by Hatcher Kincheloe for defendant appellee.*

CLARK, Judge.

Defendant, in pleading contributory negligence, alleged that plaintiff violated various rules of the roads and statutes, including G.S. 20-174.1 which provides as follows:

"*Standing, sitting or lying upon highways or streets prohibited.* — (a) No person shall willfully stand, sit, or lie upon the highway or street in such a manner as to impede the regular flow of traffic.

(b) Any person convicted of violating this section shall be punished by a fine not exceeding five hundred dollars ($500.00) or by imprisonment not exceeding six months, or both, in the discretion of the court."

In instructing the jury on the contributory negligence issue the trial court recited the statute and added: "Now, a violation of this law is negligence within itself."

The plaintiff assigns as error this instruction to the jury.

The language of G.S. 20-174.1 was construed in *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970), in which Justice Huskins, for the Court, wrote:

"When G.S. 20-174.1 is subjected to these rules of construction, it is quite clear that the legislature intended to make it unlawful for any person to impede the regular flow of traffic upon the streets and highways of the State by willfully placing his body thereon in either a standing, lying or sitting position. A person may stand and walk, stand and strut, stand and run, or stand still. All these acts are condemned by the statute when done willfuly in such manner as to impede the regular flow of traffic upon a public street or highway. . . ." 276 N.C. at 547, 173 S.E. 2d at 774.

In *Spencer* and other cases involving violations of G.S. 20-174.1, the evidence tended to show that the defendants were involved in demonstrations and purposely impeded or blocked traffic for a substantial amount of time. *See, State v. Frinks*, 22 N.C. App. 584, 207 S.E. 2d 380, *appeal dismissed* 285 N.C. 761, 209 S.E. 2d 285 (1974); *In re Shelton*, 5 N.C. App. 487, 168 S.E. 2d 695 (1969); *aff'd* 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971); *In re Burrus*, 4 N.C. App. 523, 167 S.E. 2d 454, *modified* 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd* 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971).

In the case *sub judice* there is not sufficient evidence tending to show that plaintiff willfully placed her body on Deaton Street to impede or block traffic in violation of G.S. 20-174.1. Plaintiff testified that she stood "half on and half off" the pavement for the purpose of picking up the rag dropped by her niece and that she saw defendant's approaching automobile but was unable to get off the pavement before being struck. Defendant testified that upon turning south on Deaton Street he was blinded by the sun and did not see plaintiff until she was ten feet from him in a squatting position.

Since a new trial must be ordered for error in submitting to the jury plaintiff's violation of G.S. 20-174.1 in instructing on the contributory negligence issue, the other assignments of error are not discussed since they may not recur upon retrial.

Reversed and remanded for a new trial.

Judges VAUGHN and MARTIN (Harry C.) concur.