HAAS v. CLAYTON

[125 N.C. App. 200 (1997)]

———————————

TOMMY EDWARD HAAS, JR., PLAINTIFF v. JOHN GREGORY CLAYTON, DEFENDANT

No. COA96-119

(Filed 21 January 1997)

**Automobiles and Other Vehicles § 310 (NCI4th)— plaintiff struck while helping stranded motorist—instruction on wilfully impeding traffic—erroneous**

The trial court erred in a negligence action arising from plaintiff's being struck by an automobile while helping to push a disabled vehicle off the roadway by giving the pattern jury instruction on willfully impeding traffic. This instruction derives its authority from N.C.G.S § 20-174.1(a), which was originally enacted as a response to the protests of college students and others in the mid-1960's. Both the case law interpreting the statute and its legislative history indicate that particular emphasis is placed on the word willfully; the statute contemplates something more than a thoughtless, heedless or inadvertent act. Plaintiff placed himself in the road while assisting the stranded motorist and undoubtedly knew that he was potentially in harm's way. However, there is no evidence indicating that plaintiff intentionally impeded traffic in the context of prior decisions under this statute; in fact, the record indicates that plaintiff was attempting to help remove an impediment to the flow of traffic. Since this instruction applied to the question of plaintiff's contributory negligence and the jury found plaintiff to be contributorily negligent,

the case was remanded for a new trial, although it was noted that there was no implication that plaintiff's conduct may not be considered as evidence of contributory negligence.

**Am Jur 2d, Automobiles and Highway Traffic §§ 442, 443.**

**Contributory negligence of one standing in highway to attempt to warn approaching motorists of dangerous situation. 53 ALR2d 1002.**

**Liability of motorist colliding with person engaged about stalled or disabled vehicle on or near highway. 27 ALR3d 12.**

Appeal by plaintiff from judgment entered 16 June 1995 by Judge Beverly T. Beal, in Caldwell County Superior Court. Heard in the Court of Appeals 9 October 1996.

*Robbins & Hamby, P.A., by Dale L. Hamby, for plaintiff appellant.*

*Todd, Vanderbloemen & Brady, P.A., by Bruce W. Vanderbloemen, for defendant appellee.*

SMITH, Judge.

On the evening of 27 October 1991, plaintiff Tommy Edward Haas, Jr., was an attendee at his brother's twenty-first birthday party. While at the party, plaintiff consumed some beer. After watching the World Series, plaintiff left the party and went to a convenience store to purchase more beer. While at the convenience store, plaintiff was asked to help a stranded motorist push his disabled vehicle out of the roadway.

During plaintiff's efforts to help the stranded motorist push his car from U.S. Highway 321 North (in Lenoir, North Carolina) into the parking lot of the nearby convenience store, plaintiff was struck, and injured severely, by oncoming motorist John Gregory Clayton (defendant). The evidence at trial indicated that the portion of the car being pushed by plaintiff was in the roadway, although the extent to which the car was in the roadway is a matter of dispute among the parties. Nonetheless, plaintiff admitted at trial to standing in the roadway as he pushed the car.

Plaintiff testified that he looked both ways prior to entering the roadway but saw no oncoming traffic. The evidence at trial indicated that defendant's speed was approximately forty-five miles per hour at impact, and no skid marks were evident at the impact area. Defendant testified that he did not see plaintiff in the roadway prior to colliding with him.

The police officer investigating the accident scene, Robert L. Spencer of the Lenoir Police Department, testified that "contributing circumstances" to the accident were plaintiff's "alcohol use [and plaintiff] impeding the flow of traffic." Officer Spencer testified that defendant's view of the disabled vehicle was not obstructed, and that defendant was not in violation of any traffic laws when he struck plaintiff. The jury found that defendant was negligent, but that plaintiff was contributorily negligent, and that defendant did not have the last clear chance to avoid the accident.

Defendant assigns error to the trial court's use of two jury instructions, to wit: North Carolina Motor Vehicle Negligence Pattern Jury Instruction 104.24 (N.C.P.I., Civ.) (willfully impeding traffic), and N.C.P.I., Civ. 211.76 (pedestrian lookout). The trial court informed the jury that violation of the terms of either instruction constituted "negligence within itself." We reach only plaintiff's assignments of error concerning N.C.P.I., Civ. 104.24, as we hold that this instruction was inapplicable to the facts presented here. Since this instruction applied to the question of plaintiff's contributory negligence, and the jury found plaintiff to be contributorily negligent, we reverse and remand for a new trial.

The trial court instructed the jury, per N.C.P.I., Civ. 104.24, as follows: "Members of the jury, the Motor Vehicle Law provides that no person shall willfully stand upon a highway in such a manner as to impede the regular flow of traffic. A violation of this law is negligence within itself." This pattern instruction derives its authority from N.C. Gen. Stat. § 20-174.1(a) (1993), which establishes criminal penalties for persons who: "willfully stand, sit, or lie upon the highway or street in such a manner as to impede the regular flow of traffic."

N.C. Gen. Stat. § 20-174.1(a) was originally enacted by our General Assembly as a response to the protests of college students and others in the mid-1960's. *See* Daniel H. Pollitt, *Legal Problems in Southern Desegregation: The Chapel Hill Story,* 43 N.C.L. Rev. 689, 711, 711 n.93 (1965) (discussing enactment of § 20-174.1 as an anti-protest mechanism). The legislature's original purpose in enacting

§ 20-174.1 is borne out by appellate case law, as almost every case involving this statute arises out of civil disobedience protests of some sort. *See, e.g., In Re Burrus,* 4 N.C. App. 523, 524-25, 167 S.E.2d 454, 455, *affirmed by* 275 N.C. 517, 169 S.E.2d 879 (1969); *State v. Spencer,* 7 N.C. App. 282, 285, 172 S.E.2d 280, 282, *judgment modified in part,* 276 N.C. 535, 173 S.E.2d 765 (1970).

Both the case law interpreting § 20-174.1, and its legislative history, indicate that particular emphasis is placed on the *mens rea* term included in the statute, *viz.,* the word "willfully." The *Spencer* Court, construing § 20-174.1 "with regard to the wrongful conduct which the[] [statute was] intended to suppress," stated: "The purpose of G.S. 20-174.1 is obviously to make it unlawful for a person to wilfully place his body upon a street or highway in such a manner *as to purposely impede* the regular flow of traffic." *Spencer,* 7 N.C. App. at 285, 172 S.E.2d at 282 (emphasis added). The *Burrus* Court also had a specific intent standard in mind when it applied § 20-174.1 to the "concerted demonstration by Negroes of Hyde County to assert their defiance of law and order and to disrupt the normal economic and social life of Hyde County by a *wilful, intentional and flagrant disregard* and violation of laws duly enacted . . . ." *In Re Burrus,* 4 N.C. App. at 528, 167 S.E.2d at 457 (emphasis added).

These cases evince an understanding that the willfulness component in § 20-174.1 involves a specific intent on behalf of the acting party. In *Screws v. United States,* 325 U.S. 91, 101, 89 L. Ed. 1495, 1502 (1945), the United States Supreme Court "pointed out that 'willful' is a word 'of many meanings, its construction often being influenced by its context.' " *Id.* (quoting *Spies v. United States,* 317 U.S. 492, 497, 87 L. Ed. 418, 422 (1943). Often, such contexts dictate that "willfulness" must "denote[] an act which is intentional rather than accidental" or inadvertent, and when used in a criminal statute, "it generally means an act done with a bad purpose." *Screws,* 325 U.S. at 101, 89 L. Ed. at 1502.

In this instance, we believe the statute contemplates something more than a thoughtless, heedless or inadvertent act. This belief is bolstered, if not mandated, by this Court's prior holding in *Self v. Dixon,* 39 N.C. App. 679, 681, 251 S.E.2d 661, 662 (1979). In *Self,* a woman was pushing a baby in a stroller, apparently against traffic along the shoulder of a road, when the child dropped something into the road. As the woman stooped to pick up the dropped item, part of her body was " 'half off and half on the pavement.' " *Self,* 39 N.C. App.

at 679-80, 251 S.E.2d at 662. While in the road, the woman was struck by an oncoming motorist. *Id.*

The trial court in *Self* employed § 20-174.1 and instructed the jury that violation of this statute was contributory negligence or " 'negligence within itself.' " *Self*, 39 N.C. App. at 680, 251 S.E.2d at 662. The *Self* Court determined this instruction was error, since "*Spencer* and other cases involving violations of G.S. 20-174.1 [involved circumstances where] defendants were involved in demonstrations and *purposely impeded* or blocked traffic . . . ." *Id.* at 681, 251 S.E.2d at 662 (emphasis added). Finding that the *Self* plaintiff had not "willfully placed her body on Deaton Street to impede or block traffic in violation of G.S. 20-174.1," the *Self* Court ordered a new trial. *Id.*

The instant factual situation is on all fours with the one in *Self*. Plaintiff did place himself in the road while assisting the stranded motorist. Undoubtedly, plaintiff knew that he was potentially in harm's way. However, there is no evidence in the record indicating that plaintiff *intentionally impeded* traffic in the context discussed by the *In re Burrus* or *Spencer* decisions. In fact, the record indicates plaintiff was attempting to help *remove* an impediment to the flow of traffic when the accident occurred. Thus, we are bound by the *Self* decision. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). Therefore, we hold that the instruction given here, N.C.P.I., Civ. 104.24, under the instant circumstances, was error.

We do not mean to imply that plaintiff's conduct may not be considered as evidence of contributory negligence. We reverse only because N.C.P.I., Civ. 104.24 is oriented towards conduct not applicable to these facts.

Reversed and remanded for a new trial.

Judges EAGLES and MARTIN, John C., concur.